UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BRAD McPHERSON,                                :

                Petitioner,            :        **MEMORANDUM**
                                                 **DECISION**
    - v -                               :
                                                 25-cv-02645 (DC)

LYNN LILLEY, Superintendent          :
of Eastern NY Correctional Facility,

                                                 :
                Respondent.
                                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:        BRAD McPHERSON
                        Petitioner *Pro Se*
                        DIN 19-A-4470
                        Eastern NY Correctional Facility
                        30 Institution Road
                        P.O. Box 338
                        Napanoch, NY 12458

                        MICHAEL E. McMAHON, Esq.
                        District Attorney, Richmond County
                        By:    Thomas B. Litsky, Esq.
                                 Assistant District Attorney
                        130 Stuyvesant Place
                        Staten Island, NY 10301
                                Attorney for Respondent

CHIN, Circuit Judge:

Before this Court is a petition for habeas corpus filed by *pro se* petitioner Brad McPherson on April 14, 2025. Dkt. No. 1. McPherson challenges his December 5, 2019, conviction in New York state court for burglary in the second degree, for which he was sentenced principally to a term of imprisonment of 17 years to life. *Id.* at 1. He appealed his conviction to the New York Supreme Court, Appellate Division, arguing that the trial court deprived him of a fair trial when it ruled that evidence of his prior convictions would be admitted if he were to testify. *See People v. McPherson*, 210 N.Y.S. 3d 504, 504 (2d Dep't 2024) (mem.) ("*McPherson I*") (citing *People v. Sandoval*, 34 N.Y.2d 371 (1974)). McPherson did not raise any other ground for reversal. The Appellate Division affirmed his conviction on June 5, 2024, *see id.*, and the New York Court of Appeals denied him leave to appeal on September 16, 2024, *see People v. McPherson*, 42 N.Y.3d 971, 971 (2024) (Troutman, *J.*) ("*McPherson II*").

In the instant habeas petition, McPherson raises six grounds for relief, but only the first of those six -- regarding admission of his prior convictions -- was exhausted in state court. Dkt. No. 1 at 5-16. Normally, a petitioner "is required to exhaust in the state courts any constitutional claim he seeks to present in federal court." *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001). When a habeas petition is "mixed" because it contains both exhausted and unexhausted claims, a district court normally retains discretion "either to stay further proceedings on the remaining portion of the

2

petition or to dismiss the petition in its entirety." *Id.* at 380.  McPherson has requested that this case be stayed and held in abeyance to allow him to exhaust the other five claims in state court, Dkt. No. 1-1 at 2-3.  Respondent opposed that request on May 22, 2025, arguing that McPherson failed to demonstrate good cause for his failure to exhaust the five claims or that his claims are meritorious, and that the single exhausted claim is not cognizable on habeas review.  Dkt. 8 at 1-2.

Here, McPherson's single exhausted claim is that the trial court erred by ruling that evidence of his prior convictions would be admitted if he were to testify because the prejudicial effect of that evidence outweighed its probative value.  *See McPherson I*, 210 N.Y.S. 3d at 504 (citing *Sandoval*, 34 N.Y.2d at 371).  But McPherson's *Sandoval* claim is "not cognizable on habeas review because [he] did not testify at trial." *Mullins v. Graham*, No. 17-cv-2958, 2023 WL 2740774, at *6 (E.D.N.Y. Mar. 31, 2023) (citing *Luce v. United States*, 469 U.S. 38, 43 (1984)); *see* Dkt. 1 at 2 (indicating that McPherson did not "testify at a pretrial hearing, trial, or a post-trial hearing").

Accordingly, this Court may not rely on McPherson's *Sandoval* claim to stay the petition while McPherson exhausts his remaining five claims in the state courts. Because the petition contains no cognizable, exhausted claim, it is ORDERED that the petition be DISMISSED in its entirety, and the Clerk of Court shall enter judgment accordingly.  Additionally, I decline to issue a certificate of appealability because

3

McPherson has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

The Court advises McPherson that he may attempt to exhaust his unexhausted claims in state court and then return to federal court.  He may do so by, first, initiating state proceedings within any applicable state statute of limitations, then second, by filing a new habeas petition within the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  *See* 28 U.S.C. § 2244(d)(1).  Although a portion of that time has already passed, McPherson is advised that AEDPA's statute of limitations is tolled -- or paused -- once state proceedings have commenced and until those proceedings have concluded.  *See id.* § 2244(d)(2); *Zarvela*, 254 F.3d at 379 ("The time during which a properly filed application for state court post-conviction relief is pending in state courts is exempted from the one-year limitations period.").[1]

---

[1]  To clarify, AEDPA's one-year statute of limitations began running in this case on September 16, 2024, *i.e.*, once direct review of McPherson's conviction became final after the New York Court of Appeals denied him leave to appeal.  *See* 28 U.S.C. § 2244(d)(1)(A).  That means that a timely habeas petition must be filed by September 16, 2025, and the clock is tolled -- or paused -- only if McPherson submits "a properly filed application for State post-conviction or other collateral review" within that time.  *Id.* § 2244(d)(2).  So if, for example, McPherson were to submit a post-conviction motion under New York Criminal Procedure Law section 440.10 on June 16, 2025, the statute of limitations for filing a federal habeas petition would be tolled while that motion is pending in the state courts.  Upon the final disposition of that motion by the state court, the AEDPA statute of limitations would begin running again, and McPherson would have three months from that date to submit a new habeas petition in federal court.

For the avoidance of doubt, it does not appear that the one-year statute of limitations has been tolled in this case during the pendency of the instant petition -- that is, from its mailing on April 10, 2025, to this decision today.  *See Rodriguez v. Bennett*, 303 F.3d 435, 438 (2002)

The Clerk of Court is directed to mail a copy of this decision and the judgment to McPherson at his address set forth above.

SO ORDERED.

Dated:   New York, New York
         June 12, 2025

DENNY CHIN
United States Circuit Judge
Sitting By Designation

---

("28 U.S.C. § 2244(d)(2) does not toll the period during which [petitioner's] prior federal habeas petition was pending."). As the Second Circuit recognized in *Rodriguez*, the Supreme Court held in *Duncan v. Walker*, 533 U.S. 167 (2001), that the tolling mandated by 28 U.S.C. § 2244(d)(2) "applies only to State, and not to federal, petitions for collateral relief." *Rodriguez*, 303 F.3d at 437. Nevertheless, "under appropriate circumstances the petitioner may be entitled to equitable tolling." *Id.* at 438.